UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SAMUEL GARCIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-01386-DC-AC (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 13) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 13), filed in conjunction with his amended petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 11.) For the reasons explained below, the court will grant Petitioner's motion for a temporary restraining order and will order that Respondents[1] provide Petitioner with a constitutionally compliant bond hearing.

**BACKGROUND**

**A.      Factual Background**

Petitioner Carlos Samuel Garcia (A205-712-119) is a citizen and national of El Salvador.

---

[1] Although the docket lists only Respondent Warden of the Golden State Annex Detention Facility, Petitioner also names the following Respondents in both the petition (Doc. No. 1) and amended petition (Doc. No. 11): Pamela Bondi, Kristi Noem, and Todd M. Lyons.

1

(Doc. 11 at ¶ 13.) Petitioner entered the United States without inspection at an unknown time and place. (Doc. No. 11-2 at 127.) On April 13, 2023, Petitioner was detained by U.S. Immigration Authorities following his release from state custody due to a conviction for arson. (Doc. Nos. 11 at ¶ 15; 11-2 at 112.) In addition to that arson conviction, Petitioner had previously been convicted of arson and spousal battery while living in the United States. (Doc. No. 11-2 at 112.) Petitioner was charged as removable as a noncitizen present in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. Nos. 11 at ¶ 19; 11-2 at 108–09.) Petitioner applied for withholding of removal, and his claim was denied by an immigration judge on February 25, 2025. (Doc. No. 1 at ¶ 3.) Petitioner appealed that denial to the Board of Immigration Appeal ("BIA"), and his appeal was dismissed on August 21, 2025. (*Id.*) Petitioner filed a petition for review of the BIA denial with the Ninth Circuit Court of Appeals, which remains pending. (*Id.* at ¶ 4.) The Ninth Circuit stayed Petitioner's removal pending review. (*Id.*)

In June 2023, the immigration court found Petitioner mentally incompetent to proceed with removal proceedings without safeguards and ordered appointment of a qualified representative through the Executive Office of Immigration Review's National Qualified Representative Program ("NQRP"). (Doc. No. 11 at ¶ 21.) That NQRP designation remains in effect today. (*Id.* at ¶ 22.)

On November 8, 2023, Petitioner was given an individualized bond hearing at which the immigration judge denied bond, finding that the government proved "by clear and convincing evidence that [Petitioner] is a danger to the community." (Doc. Nos. 11 at ¶ 23; 11-2 at 114.) Petitioner has not been provided a bond hearing since then. (Doc. No. 11 at ¶ 24.) Petitioner has remained in U.S. Immigration and Customs Enforcement ("ICE") custody in the Golden State Annex Detention Facility in Kern County, California, since his arrest on April 14, 2023. (*Id.* at ¶ 2.)

**B.    Procedural History**

On February 17, 2026, Petitioner, proceeding *pro se*, filed his initial petition for writ of habeas corpus and a motion to appoint counsel. (Doc. Nos. 1, 2.) On March 3, 2026, Petitioner

2

was appointed counsel. (Doc. No. 9.) On March 9, 2026, Petitioner, through his counsel, filed the operative amended petition for writ of habeas corpus. (Doc. No. 11.) In the amended habeas petition, Petitioner asserts a single claim for violation of his Fifth Amendment Right to Due Process against Respondents Warden of the Golden State Annex Detention Facility, Pamela Bondi, Kristi Noem, and Todd M. Lyons. (Doc. No. 11 at 8–9.) In his amended petition, Petitioner seeks an order requiring Respondents to release Petitioner immediately, or in the alternative, to provide Petitioner with a bond hearing before a neutral adjudicator. (*Id.* at 10.) On March 13, 2026, Petitioner filed the pending motion for a temporary restraining order arguing his ongoing detention violates his Fifth Amendment right to Due Process and seeking the same relief as in his petition. (Doc. No. 13.)

On March 17, 2026, Respondents filed an opposition to Petitioner's motion, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), and that he is neither statutorily nor constitutionally entitled to a second bond hearing. (Doc. No. 16.) On March 18, 2026, Petitioner filed his reply thereto. (Doc. No. 17.)

**LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th

Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

**DISCUSSION**

**A.      Likelihood of Success on the Merits**

Petitioner argues that his "continued detention without renewed meaningful process is [un]constitutional as applied to his extraordinary custody record." (Doc. No. 13-1 at 3.) In opposition, Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)[2], and that noncitizens detained under that statute do not have a statutory or constitutional right to release or a bond hearing. (Doc. No. 16 at 3.)

Under 8 U.S.C. § 1226(c), noncitizens who have been convicted of certain enumerated crimes are subject to mandatory detention while their removal cases proceed. Specifically, as relevant to Petitioner, § 1226(c) requires that the government "shall take into custody any alien who" "is deportable . . . on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C). Petitioner's criminal record shows that he was detained by immigration authorities following his conviction for arson for which he was sentenced to four years in prison. (Doc. No. 11-2 at 112.) Petitioner does not dispute the accuracy of this criminal record.

The government is not required to provide a bond hearing to noncitizens subject to

---

[2] In his pending motion, Petitioner contends that he is subject to discretionary detention under 8 U.S.C. § 1226(a), but does not advance any argument as to why his criminal record does not subject him to mandatory detention under § 1226(c). (Doc. No. 13-1 at 4.) In his Reply, Petitioner appears to concede that § 1226(c) applies to his present detention. (Doc. No. 17 at 3.)

4

mandatory detention under § 1226(c). *Demore v. Kim*, 538 U.S. 510 (2003). However, in *Rodriguez v. Robbins* ("*Rodriguez II*"), 715 F.3d 1127 (9th Cir. 2013), the Ninth Circuit held that "while mandatory detention under § 1226(c) is not constitutionally impermissible *per se*, the statute cannot be read to authorize mandatory detention of criminal aliens with no limit on the duration of imprisonment." *Rodriguez II*, 715 F.3d at 1137. Thus, the court in *Rodriguez II* found, § 1226(c)'s "mandatory language must be construed to 'to contain an implicit reasonable time limitation, the application of which is subject to federal-court review.'" *Id* at 1138 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).[3]

In the opposition, Respondents argue that Petitioner is not constitutionally entitled to a bond hearing because in "*Demore v. Kim*, 538 U.S. 510 (2023), the Supreme Court rejected a facial due process challenge to mandatory detention under 8 U.S.C. § 1226(c)." (Doc. No. 16 at 3.) However, the *Demore* court did not preclude the possibility that prolonged detention under § 1226(c) could become unconstitutional, only that noncitizens subject to detention under § 1226(c) are not facially entitled to a bond hearing. Indeed, in the concurring opinion, the *Demore* Court noted that, although "the statutory scheme itself [and] the circumstances of [the] case" at bar did not present a constitutional concern, "[w]ere there to be an unreasonable delay by the

---

[3] In *Rodriguez II*, the Ninth Circuit found that the canon of constitutional avoidance required the court to "construe the government's statutory mandatory detention authority under Section 1226(c) . . . as limited to a six-month period, subject to a finding of flight risk or dangerousness." *Rodriguez II*, 715 F.3d at 1133. Accordingly, the Ninth Circuit held that a noncitizen detained under § 1226(c) must be provided a renewed bond hearing every six months of detention. *Id.* However, in *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court found that the Ninth Circuit "erroneously concluded that periodic bond hearings are required under" § 1226(c), but the Supreme Court also noted that because its decision was based solely on statutory analysis, it "had no occasion to consider respondents' constitutional arguments on the merits" and "remand[ed] the case to the Court of Appeals to consider [the constitutional claims] in the first instance." *Jennings*, 583 U.S. at 312. On remand, the Ninth Circuit emphasized that the Supreme Court "declined to reach the constitutional question" of whether a noncitizen may be detained indefinitely under § 1226(c) without a bond hearing but reiterated that it had "[g]rave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional." *Rodriguez v. Marin* (*Rodriguez III*), 909 F.3d 252, 255, 256 (9th Cir. 2018). The Ninth Circuit then remanded the case to the district court for further proceedings. (*Id.*) Thus, there is no binding authority in this court governing whether due process requires that a noncitizen be provided a bond hearing after being detained for a prolonged period under § 1226(c), and if so, when that bond hearing is necessary.

5

[Immigration and Naturalization Service] in pursuing and completing deportation proceedings, it could become necessary then to inquire whether the detention is not to facilitate deportation, or to protect against risk of flight or dangerousness, but to incarcerate for other reasons." *Demore*, 538 U.S. at 532–33 (Kennedy, J., concurring). The concurrence clarified that the Court's majority "opinion is consistent with these premises." *Id.* Thus, while the Court in *Demore* did hold that § 1226(c) is facially constitutional, it did not hold, as Respondents argue, that detention under § 1226(c) cannot ever become unconstitutionally prolonged. As Petitioner notes, his claim "is not statutory," and he "does not ask this [c]ourt to rewrite § 1226(c) to impose periodic bond hearings," rather he "brings an as-applied Fifth Amendment due process challenge to unreasonably prolonged civil detention." (Doc. No. 13 at 2.) Accordingly, the question before the court is not whether mandatory detention without a bond hearing under § 1226(c) is inherently unconstitutional, but whether Petitioner's three-year detention has become unconstitutionally prolonged.

On this question, the court's reasoning in *Diep* persuasive. In *Diep*, the petitioner was a lawful permanent resident in the United States who had lived in this country for 44 years. *Diep*, 2025 WL 604744, at *1. The petitioner had been convicted of the murder of a nine-year old boy, second degree robbery, and conspiracy to commit kidnapping. *Id.* In February 2024, after the petitioner was released on parole, he was immediately detained by ICE pursuant to § 1226(c). *Id.* The petitioner was placed in removal proceedings, which were continually delayed due to the petitioner's pursuit of post-conviction relief related to his convictions. *Id.* at *2. In February 2025, an immigration judge ordered the petitioner's removal from the United States. *Id.* After his detention continued without removal, the petitioner filed a writ of habeas corpus in federal court. *Id.* In that federal habeas case, the court acknowledged that "the Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as applied challenge to 8 U.S.C. § 1226(c)," and found that "Petitioner's prolonged [13-month] detention without a bond hearing before an [immigration judge] violate[d] his Fifth Amendment due process rights." *Id.* at *5; *see also Singh v. Noem*, No. 26-cv-00265, 2026 WL 206716, at *5 (S.D. Cal. Jan. 27, 2026) (emphasizing that "[w]hile the Ninth Circuit has not spoken on whether due process requires a

6

bond hearing for noncitizens mandatorily detained, the First, Second, and Third Circuits have held that the due process clause" requires a bond hearing after a prolonged detention).

Here, Petitioner has been detained for two years longer than the petitioner in *Diep*, and he has not received a bond hearing in over two years. Further, as Petitioner notes, the risk of erroneous detention is especially high as to Petitioner, as he has been deemed mentally incompetent to proceed independently in removal proceedings. (Doc. No. 13-1 at 5.) Thus, the court finds that Petitioner has demonstrated a likelihood of success on the merits of his claim that his prolonged detention of three years, without being considered for bond in the past 29 months, violates his Fifth Amendment right to Due Process.

**B.    Irreparable Harm**

A party seeking preliminary injunctive relief must make a "clear showing" of a likelihood of irreparable harm in the absence of the relief requested. *Winter*, 555 U.S. at 22. The "Ninth Circuit has recognized the 'irreparable harms imposed on anyone subject to immigration detention' including 'subpar medical and psychiatric care in ICE facilities.'" *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1992771, at *3 (E.D. Cal. July 16, 2025) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017)).

Here, Petitioner alleges that he will suffer irreparable harm absent injunctive relief because "[e]ach day of confinement is a loss of liberty that cannot be compensated after the fact." (Doc. No. 13-1 at 6.) Further, the court has found that Petitioner is likely to succeed on his constitutional claim, which alone is sufficient to demonstrate irreparable harm. *Nelson v. Nat'l Aeronautics & Space Admin.*, 530 F.3d 865, 882 (9th Cir. 2008) (*rev'd on other grounds,* 562 U.S. 134 (2011)) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm.").

Respondents do not address the issue of irreparable harm in their opposition. Having considered the irreparable harm identified by Petitioner, the court finds the second *Winter* factor weighs in favor of granting Petitioner's request for injunctive relief.

**C.    Balance of Equities and Public Interest**

The court now turns to the last two *Winter* factors. The balance of equities and public

interest analyses merge when the government is the opposing party, as is the case here. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

Despite any interest the government may have in promptly executing removal orders, "our system does not permit agencies to act unlawfully even in pursuit of desirable ends." *Ala. Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 594 U.S. 758, 766 (2021) (citing *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 582 (1952)). Further, that Petitioner has shown a likelihood of success on the merits tips the public interest further in his favor. *Riley's Am. Heritage Farms v. Elasser*, 32 F.4th 707, 731 (9th Cir. 2022).

Therefore, the third and fourth *Winter* factors also weigh in favor of granting Petitioner's request for injunctive relief. Because all four *Winter* factors weigh in Petitioner's favor, the court finds that injunctive relief is warranted.

**D.    Remedy**

Respondents argue that, should the court Petitioner's motion, "the remedy should not be immediate release" because, as this court previously found in *Singh v. Albarran*, No. 1:26-cv-00940-DC-DMC, 2026 WL 392169 (E.D. Cal. Feb. 12, 2026), a bond hearing is the proper remedy for prolonged immigration detention implicating the noncitizen's right to due process. However, Respondents additionally argue that, should the court order such a bond hearing, "the government should not have the burden in any such bond hearing" pursuant to the Ninth Circuit's reasoning in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). In *Rodriguez Diaz*, the Ninth Circuit held that the petitioner, who "was subject to § 1226(a) and its bond determination processes from the onset of his detention," was not entitled to a bond hearing at which the government bore the burden of justifying his continued detention because "the Due Process Clause does not mandate procedures that reduce the risk of erroneous deprivation to zero" such that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to [the petitioner]." *Rodriguez Diaz*, 53 F.4th at 1211, 1213. The court in *Rodriguez Diaz* also noted, however, that in so holding it did "not foreclose all as-applied challenges to § 1226(a)'s procedures" and that it had "no occasion to consider the constitutional limits of prolonged immigration detention because

8

[the petitioner] has not demonstrated a due process violation in this case." *Id.* at 1214. Here, on the other hand, the court has found that Petitioner has demonstrated a likelihood of success on the merits of his claim that his prolonged detention violates his right to due process. Thus, this court will join others, both within and outside the Ninth Circuit, in finding that where a noncitizen's mandatory immigration detention has become unreasonably prolonged, the government bears the burden of justifying the noncitizen's continued detention by clear and convincing evidence. *See Abdul-Samed v. Warden of Golden State Annex Detention Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025) (citing cases); *Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3rd Cir. 2020) ("We now hold that once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary.").

**E.     Bond**

Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Fed. R. Civ. P. 65(c)). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Id.* (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, '[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" *Johnson*, 572 F.3d at 1086 (quoting *Jorgensen*, 320 F.3d at 919). Neither party addresses the issue of bond in their briefing.

The court finds that no security is required here. Courts regularly waive security in cases like this one. *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Lepe v. Andrews*, No. 25-cv-01163-KES-SKO, 2025 WL 2716910, at *10 (E.D. Cal. Sep. 23, 2025); *Pinchi v. Noem*, No. 25-cv-05632- RMI-RFL, 2025 WL 1853763, at *4 (N.D. Cal. Jul. 4, 2025).

/////

/////

9

**CONCLUSION**

For the reasons explained above,

1.      Petitioner Carlos Samuel Garcia's (A-205-712-119) motion for a temporary restraining order is GRANTED as follows:

      a.      Respondents shall, within fourteen (14) days of issuance of this order, provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's continued detention by clear and convincing evidence;

      b.      Respondents shall comply with all protections afforded to Petitioner pursuant to his National Qualified Representative Program status at that hearing; and

2.      This matter is referred to the assigned magistrate judge for further proceedings

IT IS SO ORDERED.

Dated:    **April 10, 2026**

_____

Dena Coggins
United States District Judge

10