UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SAMUEL GARCIA,<br>Petitioner,<br>v.<br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br>Respondents. | No. 1:26-cv-01386 DC AC<br><br>ORDER and<br>FINDINGS AND RECOMMENDATIONS |

Petitioner Carlos Samuel Garcia, proceeding through counsel, filed an amended habeas petition pursuant to 28 U.S.C. § 2241 (ECF No. 11) and motion for temporary restraining order (ECF No. 13) challenging his prolonged detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") without a second bond hearing. By Order dated April 13, 2026, the Honorable Dena Coggins granted petitioner's motion for preliminary injunctive relief (ECF No. 13) by directing respondents to provide petitioner with a bond hearing at which the government bears the burden of proof by clear and convincing evidence. ECF No. 18. Judge Coggins then referred this matter to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 18. The court now recommends that petitioner's amended petition (ECF No. 11) be GRANTED as to his Fifth Amendment procedural due process claim seeking a bond hearing and denied as to his requests for alternative relief.

I. Factual History

Petitioner Carlos Samuel Garcia (A205-712-119) is a citizen and national of El Salvador ECF No. 11 at ¶ 13. Petitioner entered the United States without inspection at an unknown time and place. ECF No. 11-2 at 127. On April 13, 2023, petitioner was detained by U.S. Immigration Authorities following his release from state custody due to an arson conviction. He has remained in ICE custody since that date and is currently incarcerated at the Golden State Annex Detention Facility in Kern County, California. ECF Nos. 11 at ¶¶ 2, 15; 11-2 at 111-12.[1]

On April 14, 2023, petitioner was charged as removable as a noncitizen present in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). ECF Nos. 11 at ¶ 19; 11-2 at 108–09 (Notice to Appear). In June 2023, the immigration court found petitioner mentally incompetent to proceed with removal proceedings without safeguards and ordered appointment of a qualified representative through the Executive Office of Immigration Review's National Qualified Representative Program ("NQRP"). ECF No. 11 at ¶ 21; ECF No. 11-2 at 102. Petitioner was afforded an individualized bond hearing in November 2023 at which the IJ denied bond, finding that the government proved "by clear and convincing evidence that [petitioner] is a danger to the community." ECF Nos. 11 at ¶ 23; 11-2 at 114-15 (November 8, 2023 Order).

Petitioner applied for withholding of removal, asylum, and deferral of removal under the Convention against Torture. On May 22, 2024, an immigration judge ("IJ") ordered petitioner removed from the United States and denied his applications for relief. ECF No. 11-2 at 16. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA") and the BIA sustained the appeal in part, remanding the case for further proceedings before an IJ. Id.[2] On remand, his claims were denied by an IJ on February 25, 2025. ECF No. 1 at ¶ 3; ECF No. 11-2 at 22-71. Petitioner appealed that denial to the BIA, and his appeal was dismissed on August 21, 2025. ECF No. 11-2 at 16-21. Petitioner filed a petition for review of the BIA denial with the

[1] In addition to the arson conviction, petitioner has prior convictions for arson and spousal battery while living in the United States. ECF No. 11-2 at 112.

[2] These documents are not in the record before the court, but are summarized in the BIA's subsequent decision. ECF No. 11-2 at 16.

Ninth Circuit Court of Appeals, which remains pending. ECF No. 11-2 at 90-97. The Ninth Circuit also stayed petitioner's removal pending review. Id. at 96 (Dkt. No. 2).

II. Procedural History

On February 17, 2026, petitioner, proceeding pro se, filed a petition for writ of habeas corpus and motion seeking appointment of counsel. ECF Nos. 1, 2. The court granted petitioner's motion for appointment of counsel (ECF No. 9), and on March 9, 2026, petitioner filed the operative amended petition with his counsel's assistance. ECF No. 11.

In the amended habeas petition, petitioner asserts a single claim for violation of his Fifth Amendment due process rights against Respondents Warden of the Golden State Annex Detention Facility, Pamela Bondi, Kristi Noem, and Todd M. Lyons. Id. at 8–9. Petitioner seeks an order requiring respondents to release petitioner immediately, or in the alternative, to provide petitioner with a bond hearing before a neutral adjudicator. Id. at 10. On March 13, 2026, petitioner also filed a motion for a TRO arguing his ongoing detention violates his Fifth Amendment due process rights and seeking the same relief as in his petition. ECF No. 13.

On March 17, 2026, respondents filed an opposition to petitioner's motion, arguing that petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c) due to his criminal history, and that he is neither statutorily nor constitutionally entitled to a second bond hearing. ECF No. 16. On March 18, 2026, petitioner filed his reply. ECF No. 17.

By Order dated April 13, 2025, Judge Coggins granted petitioner's motion for a TRO. ECF No. 18 at 7-10. Specifically, Judge Coggins found that petitioner "has not received a bond hearing in over two years. Further, as Petitioner notes, the risk of erroneous deprivation is especially high as to Petitioner, as he has been deemed mentally incompetent to proceed independently in removal proceedings." Id. at 7 (citing ECF No. 13-1 at 5.) Petitioner had "demonstrated a likelihood of success on the merits of his claim that his prolonged detention of three years, without being considered for bond in the past 29 months, violates his Fifth Amendment right to Due Process." Id. Judge Coggins further found that petitioner would suffer irreparable harm absent injunctive relief, and the balance of equities and public interest weighed in favor of granting petitioner's request. Id. at 7-8.

With respect to the appropriate remedy, Judge Coggins considered respondents' argument that immediate release was not the appropriate remedy in this case. Id. at 8-9. Judge Coggins agreed that a bond hearing was the appropriate relief, and found that "where a noncitizen's mandatory immigration detention has become unreasonably prolonged, the government bears the burden of justifying the noncitizen's continued detention by clear and convincing evidence." Id. at 9 (citing Abdul-Samed v. Warden of Golden State Annex Detention Facility, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025) (citing cases); Santos v. Warden Pike County Correctional Facility, 965 F.3d 203, 213 (3rd Cir. 2020) ("We now hold that once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary.")).

Although the court initially ordered respondents to provide a bond hearing within fourteen (14) days, Judge Coggins subsequently modified the order to thirty (30) days to allow sufficient time for petitioner's National Qualified Representative to participate in his hearing. ECF No. 22.[3] Petitioner's bond hearing, at which he was represented by a Qualified Representative, took place on May 22, 2026. ECF No. 23-1. The immigration judge denied bond based a finding of danger and potential flight risk, finding that "the Court found the Government met its burden by clear and convincing evidence and [petitioner's] continued detention was warranted." Id. at 1.

Petitioner filed a motion to enforce judgment, arguing that the IJ failed to comply with Judge Coggins' order (ECF No. 24), which respondents opposed (ECF No. 27). After reviewing the hearing recording lodged with the court and the parties' briefing, Judge Coggins denied petitioner's motion because the bond hearing did not violate the court's April 13, 2026, Order. ECF No. 30. The recording indicated that the IJ properly considered all the evidence, applied the correct burden of proof, and stated the basis for her determination. Id. Judge Coggins further found that to the extent petitioner challenged the sufficiency of the evidence supporting that

---

[3] Respondents filed a Notice of Compliance and Status Report advising the court that petitioner appeared at an April 23, 2026 bond hearing with his Qualified Representative, who moved to withdrew the request for bond hearing without prejudice to allow for additional time to prepare for the bond hearing. ECF No. 21. The immigration judge granted the request. Id. As a result, both parties asked the court to modify the TRO to allow sufficient time for the hearing. Id.

determination, he may properly appeal that determination to the Board of Immigration Appeals. Id. (citing Loba L.M. v. Andrews, No. 1:25-cv-00611-JLT-SAB, 2026 WL 710307, at *8 (E.D. Cal. Mar. 13, 2026) ("Petitioner challenges the sufficiency of the evidence supporting the immigration judge's bond determination rather than the constitutionality of the process by which that determination was reached . . . Complaints about the conclusion the IJ reached must be presented through the normal immigration appeal process.")). She then referred this matter to the undersigned for further proceedings. Id.

By Minute Order dated June 30, 2026, the undersigned directed the parties to provide supplemental briefing on the issue of whether the petition is moot in light of the bond hearing. ECF No. 31. In a one-page brief, respondents contend that "the petition is moot in light of the bond hearing that occurred on May 22, 2026" because the primary argument in the amended petition is that petitioner's continued detention without an individualized custody hearing is a violation of due process. ECF No. 33. Now that petitioner received an individualized custody hearing, and Judge Coggins determined the bond hearing complied with her Order, there is no case or controversy remaining for this court's adjudication. Id.

In his supplemental brief, petitioner argues that the First Amended Petition is not moot because it "did not seek only the scheduling of a bond hearing" but also "challenged Petitioner's continued civil detention as unconstitutional as applied and requested immediate release as the primary remedy, with a constitutionally adequate bond hearing requested as alternative relief." ECF No. 36 at 1.[4] Petitioner further argues that the Court's April 13, 2026, order provided only "interim procedural relief by ordering a bond hearing," and the court's order denying petition's motion to enforce (ECF No. 30) similarly only "decided whether the May 22 hearing complied with the Court's procedural directive; it did not enter final judgment on the First Amended Petition or separately decide whether continued detention of this duration remains constitutional as applied." Id. at 2. Thus, even if the court determinates that the May 22, 2026, bond hearing

[4] Petitioner also filed a motion for leave to file his supplemental brief out of time, as counsel inadvertently mis-calendared the deadline set by the court. ECF No. 36-1. Because the court is satisfied that no prejudice resulted to respondents from petitioner's short filing delay, the court grants petitioner's motion and the supplemental brief is deemed timely.

provided all the process constitutionally required and petitioner is not entitled to further relief, petitioner contends that his due process claim is not moot. Id. at 2-3. Finally, if the court finds his petition is moot, petitioner requests dismissal without prejudice so he may seek renewed habeas relief if circumstances materially change. Id. at 6.

III. Legal Standards

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. Deakins v. Monaghan, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted) (rejecting argument that appeal was moot because appellant was released from prison, but still on supervised release). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (citation omitted). A case or controversy must exist throughout all stages of litigation. Spencer v. Kemna, 523 U.S. 1, 7 (1998). If at any time during the course of litigation a plaintiff ceases to suffer, or be threatened with, "an actual injury traceable to the defendant," and that is "likely to be redressed by a favorable judicial decision," the matter is moot. Id. at 7.

IV. Analysis

A. Mootness

In the immigration habeas context, a petitioner's release from immigration detention

pursuant to preliminary injunctive relief does not moot the petition because that relief is only temporary in nature. Nielsen v. Preap, 586 U.S. 392, 403 (2019). Likewise, where the court grants partial relief by ordering a bond hearing while other claims remain pending, such as those for prospective and/or statutory or substantive relief, the petition is not moot. See Wheelock v. Mullin, No. 5:26-CV-01679-KES, 2026 WL 1454321, at *2 (C.D. Cal. May 14, 2026). A petition *is* moot, however, when a petitioner has received all of the relief he has requested. This includes when a petitioner has had "an opportunity" to contest her detention before an immigration judge and the chance to appeal that determination to the Board of Immigration Appeals, even if bond is ultimately denied. See Prieto-Romero v. Clark, 534 F.3d 1053, 1065-66, 1068 (9th Cir. 2008).

Based on petitioner's supplemental briefing (and minimal briefing of the issue by respondents), the court is persuaded that in this particular case, petitioner's amended habeas petition was not rendered moot by Judge Coggins' entry of a temporary restraining order. As noted above, the relief petitioner sought in his amended habeas petition and TRO was to receive a bond hearing or alternatively, to be released from custody. ECF Nos. 11, 13. Judge Coggins granted petitioner's motion seeking a TRO but did not rule on the merits of his amended petition. ECF No. 18. Rather, Judge Coggins' April 13, 2025 Order found that petitioner had "demonstrated *a likelihood of success on the merits* of his claim that his prolonged detention of three years, without being considered for bond in the past 29 months, violates his Fifth Amendment right to Due Process." Id. (emphasis added).[5] With respect to the appropriate remedy, Judge Coggins cited comparable cases from this district concluding that a bond hearing where the government bears the burden of justifying petitioner's continued detention by clear and convincing evidence was the appropriate relief for petitioner's procedural due process claim, rather than release from confinement. Id. at 9.

Because the court has not yet ruled on the merits of the amended petition (ECF No. 11), or

[5] Judge Coggins further found that petitioner would suffer irreparable harm absent injunctive relief, and the balance of equities and public interest weighed in favor of granting petitioner's request. Id. at 7-8.

fully resolved petitioner's alternative request for release, the court now turns to the merits of the amended petition.

B. Merits

It appears undisputed that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1) due to his criminal history. But even for noncitizens (like petitioner) detained pursuant to § 1226(c)(1), this court has joined other district courts in concluding that prolonged and indefinite detention without a bond hearing can violate the Due Process Clause. See e.g., Diep v. Wofford, No. 1:24-CV-01238-SKO, 2025 WL 604744, at *5 (E.D. Cal. Feb. 25, 2025) (finding petitioner's prolonged detention without a bond hearing pursuant to 8 U.S.C. § 1226(c)(1) for thirteen months violated his procedural due process rights, even where petitioner had prior convictions for murder, robbery, and conspiracy to commit kidnapping); Yang v. Chestnut, No. 1:26-cv-01902-DJC-EFB, 2026 WL 915018 (E.D. Cal. April 3, 2026) (petitioner's 11-month detention without a bond hearing violated due process despite petitioner's criminal history, and ordering bond hearing where government bears the burden of proof by clear and convincing evidence); Keo v. Chestnut, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117 (E.D. Cal. Mar. 17, 2026) (thirty-seven month detention without bond hearing violated due process, and ordering bond hearing).

The Ninth Circuit Court of Appeals has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), but it has recognized that "district courts throughout this circuit have ordered immigration courts to conduct bond hearings for noncitizens held for prolonged periods under § 1226(c)" based on due process and noted that "[a]ccording to one such court order, the 'prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process.'" Martinez v. Clark, 36 F.4th 1219, 1223 (9th Cir. 2022) (citation omitted), vacated on other grounds, 144 S. Ct. 1339 (2024). Although the Ninth Circuit has not decided that question, it has expressed "grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so." Rodriguez v. Marin, 909 F.3d 252, 256 (9th Cir. 2018).

This court shares those doubts. To determine if petitioner's due process rights were violated by his twenty-nine months spent in detention without an additional bond hearing, the court must answer two questions: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025).

Petitioner has a clear liberty interest in securing his freedom from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas, 533 U.S. at 690. Petitioner was detained in April 2023 and has remained in custody for three years. Until Judge Coggins' granted petitioner's request for a TRO and directed that a second bond hearing take place, petitioner had not had a custody determination hearing since November 2023. ECF Nos. 11 at ¶ 23; 11-2 at 114-15 (November 8, 2023 Order). Further, petitioner faces indefinitely prolonged detention while judicial review of his claims for relief from removal play out in the Ninth Circuit Court of Appeals. As petitioner has been deprived of the liberty protected by the Due Process Clause and this deprivation may continue for a protracted and indefinite period, petitioner has established his liberty interest. See Zadvydas, 533 U.S. at 690, 693. Having established that petitioner has a protected liberty interest, the court must determine what process is owed under the Constitution.

In analyzing whether a due process violation has occurred in this case, petitioner urges the court to employ the balancing test from Mathews v. Eldridge, 424 U.S. 319, 333 (1976). ECF No. 11-1 at 5-9. Respondent disagrees but also argues that relief should still be denied under that test. ECF No. 16 at 4-5. Most district courts in the Ninth Circuit have employed the Mathews test in the context of evaluating whether due process entitles a petitioner to a bond hearing, and the court finds application of the Mathews test appropriate in this case as well.

Under the Mathews test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." Mathews, 424 U.S. at 334–35. "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute

procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

For the first factor, the court must evaluate petitioner's private interest. Petitioner has now been detained since April 2023, well over three years. Compared to the six-month presumptive period set forth in Zadvydas beyond which continued detention becomes prolonged, petitioner's detention certainly qualifies as prolonged. Zadvydas, 533 U.S. at 701. The Ninth Circuit has also held that an individual's private interest in "freedom from prolonged detention" is "unquestionably substantial." Singh v. Holder, 638 F.3d 1196, 1208 (9th Cir. 2011).

In Rodriguez Diaz v. Garland, the Ninth Circuit stated that "in evaluating the first prong of the Mathews analysis, we cannot simply count his months of detention and leave it at that. We must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his removal order." 53 F.4th at 1208. Prior to Judge Coggins' order (ECF No. 18), petitioner did not receive the benefit of a bond hearing for twenty-nine months. Petitioner's private interest in being free from prolonged detention without a custody determination hearing therefore weighs in his favor.

As to the second factor, "the risk of an erroneous deprivation of [petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards," Mathews, 424 U.S. at 335, the court finds this factor also weighs in favor of petitioner. The probable value of additional procedural safeguards, i.e., a bond hearing, is high. Given that petitioner was held without a bond hearing for twenty-nine months, and it is not clear when detention will end, the risk of erroneous deprivation weighs in favor of granting a bond hearing.

For the third factor, the court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." Mathews, 424 U.S. at 335. As previously discussed, the government has a strong interest in effecting removal. Demore, 538 U.S. at 531. As other courts have recognized, however, the key government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him without a bond hearing." Zagal-Alcaraz v. ICE Field Office

Director, 2020 WL 1862254, at *7 (D. Or. 2020) (collecting cases). Providing a bond hearing does not undercut the government's asserted interest in effecting removal. Indeed, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community. Given "the minimal cost of conducting a bond hearing, and the ability of the IJ to adjudicate the ultimate legal issue as to whether Petitioner's continued detention is justified," courts have concluded that "the government's interest is not as weighty as Petitioner's." Zagal-Alcaraz, 2020 WL 1862254, *7 (quoting Lopez Reyes v. Bonnar, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019)). The Court agrees with this analysis. Although the Government has a strong interest, it is outweighed by petitioner's interest.

In sum, the three Mathews factors weigh in petitioner's favor and outweigh the government's interest in further detention without inquiry into whether he represents a flight risk or danger to the community. The court thus finds that petitioner's prolonged detention for twenty-nine months without an additional bond hearing before an IJ violated his Fifth Amendment procedural due process rights. The undersigned further adopts and incorporates the reasoning set forth in Judge Coggins' Orders granting a TRO for a bond hearing (ECF Nos. 18, 22) as if separately set forth herein.

Finally, the undersigned also adopts Judge Coggins' reasoning that a bond hearing where the government bears the burden of justifying petitioner's continued detention by clear and convincing evidence, rather than release from confinement, is the appropriate remedy for petitioner's constitutional claim. ECF No. 18 at 8-9 (citing Singh v. Albarran, No. 1:26-cv-00940-DC-DMC, 2026 WL 392169 (E.D. Cal. Feb. 12, 2026), Abdul-Samed v. Warden of Golden State Annex Detention Facility, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025), Santos v. Warden Pike County Correctional Facility, 965 F.3d 203, 213 (3rd Cir. 2020) ("We now hold that once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary.")). See also Diep, 2025 WL 604744, at *5; Yang, 2026 WL 915018, at *4; Keo, 2026 WL 747117, at *4.

Because the May 22, 2026, bond hearing fully resolved the constitutional injury pled in

petitioner's Amended Petition, petitioner's requests for alternative forms of relief, including release, should be denied.[6] To the extent petitioner wishes to appeal the outcome of his May 2026 bond determination, he may continue to pursue those administrative remedies.

V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

(1) Petitioner's motion for leave to file his supplemental brief out of time, ECF No. 36-1, is GRANTED and his supplemental brief (ECF No. 36) is deemed timely filed.

IT IS FURTHER RECOMMENDED that:

(1) Petitioner's amended petition for writ of habeas corpus (ECF No. 11) be GRANTED on the Fifth Amendment procedural due process claim seeking a bond hearing;

(2) The court deny any alternative requests for relief in the amended habeas petition (ECF No. 11); and

(3) The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven days after being served with these findings and recommendations, either party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2026

Allison Claire

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

[6] Additionally, because petitioner has already received the bond hearing ordered by Judge Coggins' TRO, neither party has asked the court to enter a permanent injunction.